### Chas. D. Underwood v. John J. Vail.

1. DAMAGES—*$500 Not Excessive.*—Plaintiff, a man nearly eighty years of age, in good health and able to walk in a sprightly manner without the aid of a cane, was considerably bruised and suffered severe pain for four or five days, required a physician for sixteen days, was not dressed again for a period of about three months, and continued lame more or less. *Held,* $500 not excessive.

**Trespass vi et armis.**—Appeal from Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed April 15, 1897.

F. W. COOMBS, attorney for appellant.

OLSON & BANTLE, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

On the 12th day of September, 1894, the appellee filed in the court below his certain declaration in trespass *vi et armis*, against the appellant, charging him with having, on the 28th day of February, 1894, assaulted him and with force, etc., driving a certain horse and vehicle upon and against h'm, thereby knocking him down, wounding and bruising him, etc., causing great pain, preventing him from attending to business, and subjecting him to expense of one hundred dollars in being healed, etc., by which means appellee sustained damage, etc., to the extent of $5,000, etc.

To this declaration there was filed a plea of not guilty.

On the issue joined trial was had by a jury, resulting in a verdict for plaintiff in the sum of $500, upon which, over appellant's motion for a new trial and exceptions, the court entered judgment, from which this appeal is taken.

The assignment of errors calls in question the validity of this judgment, and the proceedings upon which it is founded.

The two principal points argued are that the evidence does not justify the verdict, and that the damages are excessive.

There is no contention but that the appellee was run against and knocked down by a horse, and run over by a wagon, driven by somebody. The difficulty lies wholly in determining whether appellant was the driver, and the evidence upon that question was in irreconcilable conflict.

We can not usurp the functions of the jury and overrule their finding simply because we are left in a condition of uncertainty as to the identification of appellant.

There was enough evidence to warrant the jury in believing from it that appellant was the driver, and we can not interfere.

Upon the question of the amount of damages suffered by the appellee there should not be much hesitation.

The appellee was an aged man, nearly eighty years old at the time of trial, and, before the injury, was in good health and walked in a sprightly manner without the aid of a cane, except occasionally. He was considerably bruised and suffered severe pain for four or five days. A physician's daily attendance upon him was required for sixteen days, and there was evidence that he was not dressed again for a period of about three months. Since his recovery he has been "lame, more or less." His physician's bill was $36.75, and he paid for medicines $12.

Perhaps a less sum than was awarded might be ample compensation to him, but probably not much less, and the verdict having met the approval of the trial judge, we do not feel warranted in saying it was for more than it ought to have been.

The affidavits that were read upon the motion for a new trial furnished no sufficient reason for giving another trial. Their effect was merely to cumulate inferential evidence that it was not appellant who drove the horse and wagon.

Perceiving no error in law upon the record, the judgment will be affirmed.